UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| A. A. NIBASUMBA,<br>   21 Revere Beach Boulevard<br>   Revere, MA 02151<br><br>          Plaintiff(s)<br>      v.<br><br>KRISTI NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security;<br>ANGELICA ALFONSO-ROYALS, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>TED H. KIM, in his official capacity, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services,<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>          Defendant(s). | Civil Action No. 1:25-cv-2337 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Jeelani Law Firm PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph. (312) 767-9030, Email: sadaf@jeelani-law.com, Non-resident Attorney for Plaintiffs.

1

# INTRODUCTION

COMES NOW ARMEL ARNAUD NIBASUMBA (hereinafter "Plaintiff NIBASUMBA" or "Plaintiff) by and through the undersigned attorney in the above cause and states as follows:

1. Plaintiff is a national of Burundi, and this action is brought because of Defendants' failure to adjudicate Plaintiff NIBASUMBA's Form I-589 Application for Asylum and Withholding of Removal, (hereinafter "Asylum Applications" or "Applications") within the statutory period of 180 days pursuant to 8 U.S.C. §1158(d)(5)(A)(iii). As Plaintiff NIBASUBMA's Form I-589 has been pending for over a total of seven years and eleven months (95 months or 2921 days); Defendants have taken over sixteen (16) times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which have been pending for over a total of seven years and eleven months (95 months or 2921 days), with the United States Citizenship and Immigration Services.

3. Plaintiff has completed his required biometrics appointment and the next step in the adjudication process is the scheduling of an interview and thereafter the issuance of a final decision on Plaintiff NIBASUMBA's Form I-589, Application. No further requests for information or evidence have been made by United States Citizenship and Immigration Service ("USCIS") since the completion of the required biometrics.

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff's Application as most, if not all, USCIS Asylum offices are fully operational at this time and are conducting in person interactions; as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate Plaintiff NIBASUMBA's Application.

**PARTIES**

5. Plaintiff ARMEL ARNAUD NIBASUMBA is a national of Burundi and, for purposes of the instant action, he is a resident of Suffolk County, Massachusetts. He is the applicant of a properly filed Form I-589, Application for Asylum and for Withholding of Removal (Receipt Number: ZBO1700051610), which was filed on July 20, 2017 with the United States Citizenship and Immigration Services.

6. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Defendant ANGELICA ALFONSO-ROYALS is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

8. Defendant TED H. KIM is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

9. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to

compel Defendants to perform their statutory duties owed to Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

12. Plaintiff NIBASUMBA has repeatedly requested the Defendants to take action on his Form I-589 Application.

13. Plaintiff NIBASUMBA has exhausted his administrative remedies. Plaintiff has supplied USCIS with all documents and information that establish his eligibility for asylum.

14. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

15. Plaintiff NIBASUMBA is a citizen of Burundi, who properly filed a Form I-589, Application for Asylum and Withholding of Removal, filed on July 20, 2017. **[EXHIBIT A].**

16. On or about August 2017, Plaintiff NIBASUMBA appeared and completed his required biometrics. **[EXHIBIT B].**

17. Since completing his required biometrics, USCIS has not requested any further information or evidence from the Plaintiff and nor has it scheduled Plaintiff for his required asylum interview.

18. As of the date of this filing, Plaintiff NIBASUMBA's Application remains adjudicated for a total period of over seven years and eleven months (95 months or 2921 days) since the date of filing.

19. Defendants' delay and inaction is causing irreparable harm to Plaintiff as he is unable to commence his life in the U.S. without living in fear of being forced to return to Burundi, where he will certainly be persecuted, tortured, and/or killed.

20. As a result of Defendants' inaction, Plaintiff has incurred enormous costs and significant attorney's fees. Also, because of the Defendants' inaction, Plaintiff has been deprived of the requested immigration relief as asylees, for which he is eligible.

## **COUNT I**

### VIOLATION OF THE APA (Form I-589)

21. All prior paragraphs are re-alleged as if fully stated herein.

22. Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

23. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

24. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

25. No other adequate remedy is available to Plaintiff.

26. Defendants have failed in their statutory duty to adjudicate Plaintiff NIBASUMBA's Form I-589 Application within 180 days.

27. As Plaintiff NIBASUMBA's Application have been pending for over a total of over seven years and eleven months (95 months or 2921 days) since the date of filing; Defendants have taken over sixteen (16) times the maximum statutory period they are given to adjudicate asylum applications.

28. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiff's due process rights. Defendants

have willingly and unreasonably delayed and have refused to take action on Plaintiff NIBASUMBA's Application.

29. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff NIBASUMBA's Form I-589 Application for a total period of over seven years and eleven months (95 months or 2921 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff NIBASUMBA's Form I-589 Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff NIBASUMBA's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: July 18, 2025                                           Respectfully submitted,

/ s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq., (IN0013)
Jeelani Law Firm, PLC
3701 W. Algonquin Road, Ste. 630
Rolling Meadows, IL 60008
Ph: (312) 767-9030
Email: sadaf@jeelani-law.com**
*Counsel for Plaintiff*